UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GAIL DINES,

    Plaintiff,

v.

WHEELOCK COLLEGE, a corporation, JACKIE JENKINS-SCOTT, in her official and individual capacities, KATHERINE S. TAYLOR, in her official and individual capacities, and KINGSTON BAY GROUP, a limited liability corporation,

    Defendants.
_____/

Case No. 1:16-cv-11876-GAO

**Leave to file granted May 25, 2017**

### PLAINTIFF GAIL DINES' SURREPLY TO DEFENDANT KATHERINE TAYLOR'S MOTION TO DISMISS

Plaintiff Gail Dines ("Plaintiff" or "Dr. Dines") submits this Surreply to Defendant Katherine Taylor's ("Defendant" or "Ms. Taylor") Motion to Dismiss Plaintiff's claim against her for aiding and abetting under Massachusetts General Laws Chapter 151B ("Chapter 151B") ("the Motion") and in support states as follows:

**I.**    **Plaintiff's Chapter 151B Claim Is Not Barred.**

Defendant protests that "Plaintiff's Opposition ignore[d] entirely the threshold requirement that she plausibly allege that her EEOC filings put Ms. Taylor's conduct 'at issue.'" Doc. 56, p. 1. But that protest is based on Defendant's continuingly inaccurate portrayal of Plaintiff's EEOC Charge, and repeated efforts to rewrite the Complaint and Opposition. The EEOC Charge and the Supplemental Particulars clearly placed Defendant's conduct at issue. Ms. Taylor knowingly permitted and/or instructed, whether expressly or implicitly, Defendant Jackie Jenkins-Scott ("President Jenkins-Scott") and other senior administrators at Defendant

1

Wheelock College ("Wheelock" or "the College") to (1) commission two external investigations, the first in spring 2015, the second in spring 2016, both having the principal purpose and cumulative effect of punishing Plaintiff for raising legitimate concerns regarding the lack of Jewish programming at the College; and (2) to publish the Diversity Report,[1] which made false and damaging statements about Plaintiff.  Even worse, Ms. Taylor deliberately chose not to take any action *whatsoever* to stop or even admonish President Jenkins-Scott for her discriminatory and retaliatory actions against Plaintiff.  *See generally* Doc. 23-1, ¶¶ 60, 68, Doc. 23-2, ¶¶ 38, 39; Complaint ("Cp."), ¶¶ 66, 74, 75, 77, 83, 177.  Plaintiff's Opposition to the Motion, contrary to Defendant's assertions, unequivocally put Ms. Taylor's conduct at issue: "the gravamen of the EEOC Charge is that the [….] *Board Chair* [….] failed to address or remedy Plaintiff's legitimate concerns regarding the working environment for Jewish faculty."  Instead the Board, of which Ms. Taylor is the Chair, "chose to suppress them, retaliating and discriminating against Plaintiff for seeking resolution of her complaints and acquiescing while [President] Jenkins-Scott took increasingly outlandish steps to discriminate and retaliate against her."  Doc. 30, pp. 3-4.

Ms. Taylor cannot deny that she had notice of the EEOC Charge's potential claims against her.  On May 19, 2015, Plaintiff's predecessor counsel – Patricia Washienko, Esq. – wrote to Ms. Taylor stating that "the present circumstances of [Plaintiff's] employment reveal a very serious situation that exposes the College and certain of its agents, individually, to significant liability for unlawful retaliation and defamation of character and therefore warrants *your* immediate attention."  Doc 23-1, ¶59, n. 44[2] (emphasis added).

Almost a year later, on March 2, 2016, Plaintiff was forced to send a similar

---

[1] The WheeEngage Diversity Report produced by Defendant Kingston Bay Group and published on September 17, 2015.  Cp., ¶ 89.

[2] "A reviewing court, like the judge initially evaluating and ruling upon a motion to dismiss, is entitled to consider materials not appended to the complaint, but referenced or relied upon in the complaint."  *Kilnapp Enterprises, Inc. v. Massachusetts State Automobile Dealers Association*, 89 Mass. App. Ct. 212, 213 (2016).

communication, an email to the Board of Trustees that Ms. Taylor chairs, stating that a second attempt to investigate alleged student complaints against her was "unnecessary and motivated in part to retaliate against [Plaintiff] for filing EEOC complaints." Doc. 23-2, ¶38, p. 18. Despite Plaintiff's legitimate concerns, Ms. Taylor did not halt this investigation – she endorsed it. Dan Terris, Vice Chair, wrote on behalf of the Trustees, and therefore with Ms. Taylor's authority, to Plaintiff on March 9, 2016 that the College would persist with the investigation. The retaliatory Sanghavi Report resulted. Doc. 23-2, ¶ 39.

*Chatman v. Gentle Dental Center of Waltham* teaches that a civil suit may be brought against a defendant not named in the administrative charge, if "the charge put[s] that party's conduct at issue and if the party was on notice of the charge and had an opportunity to participate in the MCAD proceeding…" 973 F. Supp. 228, 234 (D. Mass 1997). First, Ms. Taylor had full knowledge of the dispute when she wrote to Plaintiff about "restorative justice" prior to the EEOC charge being filed by Plaintiff on December 2015. Second, the Plaintiff's March 2, 2016 email to Ms. Taylor specifically mentioned the EEOC charge. *See* Doc. 23-2, ¶38.

## II. Plaintiff Has Irrefutably Stated An Aiding And Abetting Claim Against Defendant.

"To prevail on a claim for aiding and abetting under [Chapter] 151B, § 4(5), [Plaintiff] must show: (1) that the defendant committed a wholly individual and distinct wrong … separate and distinct from the claim in main; (2) that the aider or abetter shared an intent to discriminate not unlike that of the alleged principal offender; and (3) that the aider or abetter knew of his or her supporting role in an enterprise designed to deprive the plaintiff of a right guaranteed him or her under [Chapter] 151B." *Runyon v. Wellington Mgmt. Co.*, No. CIV. A. 13-cv-11236-DJC, U.S. Dist. LEXIS 35120, at* 18-19 (D. Mass. Mar. 20, 2015) (internal quotations omitted). Plaintiff's Opposition shows Plaintiff has met this test.

Ms. Taylor's reply only recycles her initial Motion's argument: that Plaintiff has failed to state a Chapter 151B claim because she cannot show that Ms. Taylor "acted in a manner 'distinct and separate from the duties and responsibilities' of her position as Chair of the Board of Trustees." Doc 56, p. 3; *Etienne v. Boston Medical Center,* No. 14-cv-10768-GAO, 2015 WL 461924, at *2 (D. Mass. Feb. 4, 2015) (quoting *Butler v. Wellington Mgmt. Co., LLP,* 79 Mass. App. Ct. 1126 at *7 (2011) (unpublished disposition). Ms. Taylor *again* ignores the Complaint's well-pled facts, which the court, when determining this Motion, is required to take "as true and to draw all reasonable inferences in favor of the plaintiff." *Kiely v. Raytheon Co.,* 105 F.3d 734, 735 (1st Cir. 1997). Ms. Taylor's trivialization of Plaintiff's allegations cannot substitute for that required pleadings test. Plaintiff's facts, not Defendant's spin, are what count.

Defendant's posturing notwithstanding, the Board of Trustees of Wheelock, and the College, itself are separate juridical entities. Ms. Taylor undeniably permitted and/or fomented two separate external investigations into alleged student complaints against Plaintiff. Both investigations were expressly prohibited by the Faculty Handbook.[3] Ms. Taylor was not acting in a merely ministerial capacity, but separately, individually and consciously acting to aid President Jenkins-Scott in ruining Plaintiff's career. Had Ms. Taylor been properly acting within her role as Chair, she would not have sanctioned these unprecedented and punitive investigations in contravention of the College's procedures. This, coupled with the publication of the Diversity Report and Ms. Taylor's failure to take any action against President Jenkins-Scott despite being fully aware that President Jenkins-Scott was discriminating and retaliating against Plaintiff, illustrates that Ms. Taylor "actively and intentionally provid[ed] substantial, supporting

---

[3] The Faculty Handbook states when a problem arises regarding conduct of a faculty member, "the faculty member should discuss the problem with the person involved in personal conference and attempt to resolve the matter by mutual consent." (Cp., ¶ 62 (internal quotations omitted).) Further, at the time the first external investigation was considered, the Faculty Senate confirmed that proceeding directly to an external investigation flouted the College's "long established procedures and protocols." Cp., ¶ 81.

assistance to intentional conduct that is prohibited by Chapter 151B." *Fisher v. Town of Orange,* 885 F. Supp. 2d 468, 476 (D. Mass. 2012) quoting *Planned Parenthood League of Mass., Inc. v. Blake,* 417 Mass. 467, 481 (1994).

## **CONCLUSION**

For these and the reasons set forth in Plaintiff's Opposition, Plaintiff respectfully requests that this Court dismiss Defendant's Motion.

MAY 26, 2017

        Respectfully submitted,

        _____/s/ Anita Vadgama_____

        BY:  Attorney Anita Vadgama
        BBO #669319
        McALLISTER OLIVARIUS
        7 Wells Street
        Saratoga Springs, NY 12866
        Telephone:    (518) 633-4775
        Facsimile:      (781) 658-2480
        Email:             avadgama@mcolaw.com

        The Pearce Building
        West Street, Maidenhead,
        SL6 1RL, U.K.
        Telephone:  (518) 633-4775 or +44 1628 567544

        Attorney for Plaintiff
        GAIL DINES

**CERTIFICATION OF SERVICE**

I, Anita S. Vadgama, hereby certify that the document was filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing on this date.

/s/ Anita Vadgama
Anita S. Vadgama